UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CIVIL ACTION

VERSUS                                  NO: 07-8

VIRGIL ARD, JR.                         SECTION: J

**ORDER AND REASONS**

Before the Court is defendant Virgil Ard, Jr.'s **Motion to Withdraw Ard's Guilty Plea (Rec. Doc. 69)**.  This motion, which was opposed, was set for hearing on October 17, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be denied.

**Background Facts**

On December 18, 2006, a criminal complaint was filed charging defendant Ard with violations of the Federal Controlled Substances Act and Federal Gun Control Act.[1]  On January 11, 2007, the defendant was indicted by a federal grand jury for conspiracy to distribute and possess with intent to distribute 50

---

[1] *See* Rec. Doc. 1.

grams or more of cocaine base, in violation of 21 U.S.C. 841 and 846, for possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. 841, and for possessing and brandishing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. 924.[2]  On February 8, 2007, defendant wrote a letter to the Court indicating that communication with his attorney had been "poor" and that he had not yet received a copy of his discovery.[3]  Then on March 9, 2007, defendant filed a Motion to Suppress Evidence alleging that the evidence the prosecution intended to use against him was improperly seized.[4]  The government filed a response on March 20, 2007.[5]

Prior to the hearing on defendant's Motion to Suppress, on May 16, 2007, defendant pled guilty pursuant to a plea agreement to the count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and the count of possessing and brandishing of a firearm in furtherance of a drug-trafficking crime.[6]

---

[2] *See* Rec. Doc. 7.

[3] *See* Rec. Doc. 26.

[4] *See* Rec. Doc. 24.

[5] *See* Rec. Doc. 27.

[6] *See* Rec. Doc. 51.  The government points out that defendant Ard was set to plead guilty on May 2, 2007, the same day his co-defendant pled guilty, but it was determined that the written plea agreement contained a mistake concerning the

On June 4, 2007, defendant wrote another letter to the Court in which he stated he wished to withdraw his guilty plea and reserve his right to a jury trial.[7]  He stated that between the time of April 30, 2007, when he met with the United States Attorney and his own attorney, and May 16, 2007 when he pled guilty, he had no contact with his attorney.[8]  Furthermore, on the day of the re-arraignment, he only spoke with his attorney for "a few minutes."[9]

Defendant also stated in his letter that he wished to be appointed new counsel as he was not satisfied with his current counsel.[10]  Shortly thereafter, on June 13, 2007, the matter was referred to the criminal duty magistrate to determine whether defendant should be allowed to terminate his retained counsel and whether defendant qualified for a CJA-appointed attorney.[11]

Defense counsel ultimately was allowed to withdraw, at which point defendant was appointed an attorney.[12]  The instant Motion

---

mandatory minimum sentence that defendant faced (the mandatory minimum as to Count 3, possessing and brandishing a firearm, was actually seven years, but the plea agreement mistakenly stated only five years).

[7] *See* Rec. Doc. 57.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *See* Rec. Doc. 56.

[12] *See* Rec. Docs. 60, 61, and 62.

to Withdraw Ard's Guilty Plea was filed on September 13, 2007.
Sentencing is scheduled for October 31, 2007.

## Discussion

### Standard Governing Defendant's Motion to Withdraw His Guilty Plea

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure
states that a defendant may withdraw a guilty plea after the
court has accepted the plea if "the defendant can show a fair and
just reason for requesting the withdrawal." The legal standards
that govern this Court's determination of defendant's motion to
withdraw his plea are clearly set forth in United States v.
Powell:

> A district court's denial of a motion to withdraw a
> guilty plea is reviewed for abuse of discretion.
> United States v. Lampazianie, 251 F.3d 519, 523 (5th
> Cir. 2001) (citation omitted); see also United States
> v. Mann, 161 F.3d 840, 860 (5th Cir. 1998) ("[A]
> district court abuses its discretion if it bases its
> decision on an error of law or a clearly erroneous
> assessment of the evidence."). A defendant does not
> have an absolute right to withdraw [his] guilty plea.
> United States v. Brewster, 137 F.3d 853, 857 (5th Cir.
> 1998). However, a district court may, in its
> discretion, permit withdrawal before sentencing if the
> defendant can show a "fair and just reason." Id.
> (citing former Fed. R. Crim. P. 32(e), now located at
> Rule 11(d)(2)).
>
> The defendant bears the burden of establishing a fair
> and just reason for withdrawing his plea. Id. at 858.
> This Circuit considers seven factors when deciding
> whether the defendant has met this standard: whether
> (1) the defendant asserted his innocence, (2)
> withdrawal would cause the government to suffer
> prejudice, (3) the defendant delayed in filing the
> motion, (4) withdrawal would substantially
> inconvenience the court, (5) close assistance of
> counsel was available, (6) the original plea was

> knowing and voluntary, and (7) withdrawal would waste
> judicial resources.  <u>United States v. Carr</u>, 740 F.2d
> 339, 343-44 (5th Cir. 1984).

354 F.3d 362, 370 (5th Cir. 2003).  The decision to permit or

deny the motion is based on the totality of the circumstances.

<u>Brewster</u>, 137 F.3d at 858 (citation omitted).  A district court

is not required to make findings as to each of the Carr factors.

<u>Id.</u> (citing <u>United States v. Badger</u>, 925 F.2d 101, 104 (5th Cir.

1991)).  "Neither is any single factor dispositive."

<u>Lampazianie</u>, 251 F.3d at 524.  "Although defendants are not

entitled to an evidentiary hearing, a hearing is required 'when

the defendant alleges sufficient facts which, if proven, would

justify relief.'"  <u>Powell</u>, 354 F.3d at 370 (quoting <u>United States</u>

<u>v. Mergist</u>, 738 F.2d 645, 648 (5th Cir. 1984)).  In sum, if

applying these factors, a defendant has alleged facts that would

justify relief, a court must hold an evidentiary hearing on the

matter.  <u>Powell</u>, 354 F.3d at 370.

**Arguments of the Parties:**

Although defendant's motion addresses all of the Carr

factors, defendant primarily argues that: (1) the defendant

retains the presumption of innocence because the plea was not

knowing and voluntary; (2) the government would not be prejudiced

and the Court should not be inconvenienced by the withdrawal nor

suffer wasted judicial resources; and (3) the defendant did not

delay in moving for the withdrawal and further complains that he

did not receive close assistance of counsel.

5

At the outset, defendant states that his request to withdraw his guilty plea is grounded on two circumstances that render his guilty plea involuntary and unknowingly given: first, his inability to adequately confer with prior counsel to discuss possible defenses and to investigate and assess the government's evidence against him; and second, his consent to plea was overborne by the government's threat to charge his wife.[13] Defendant points to his February 2007 letter to the Court in which he stated that communication with his attorney had been "poor" and that no discovery was presented to him for review.  In his second letter to the Court requesting the withdrawal, defendant explains in more detail that previous counsel never met with defendant to review any evidence or to discuss any possible legal defenses.

Additionally, according to defendant, his plea is rendered involuntary due to the fact that he was "forced" to plea in order to protect his wife (and his minor children) from criminal sanctions.[14]

Second, defendant states that the government would not be prejudiced and the Court should not be inconvenienced by the withdrawal nor suffer wasted judicial resources.  The underlying circumstances involve one controlled buy, the surveillance and

---

[13] *See* Affidavit of Virgil Ard., Exh. A to Motion to Withdraw Guilty Plea.

[14] *Id.*

6

arrest of Ard's co-defendant, the search pursuant to the warrant, and the arrest and custodial questioning of defendant.  Defendant asserts that this does not present a factually complicated scenario for the government to prosecute within one year following the alleged occurrence, and further, that neither a hearing on a motion to suppress nor a trial on the merits would be overly long and should not unduly burden the Court's docket.

Third, the defendant states that he did not delay in moving for the withdrawal and further complains that he did not receive close assistance of counsel.  In fact, defendant urged the Court to allow him to withdraw his plea less than three weeks after the plea was made via a letter to the Court.[15]

In opposition, the government asserts that defendant gives no legitimate reason why he should be allowed to withdraw his guilty plea.  In support, the government discusses each of the seven Carr factors.  First, the government points out that at no time has the defendant asserted his innocence regarding the crimes to which he has pled guilty.  In fact, the defendant stood before the Court, under oath, and stated that he was pleading guilty because he was in fact guilty of the crimes charged.[16]  He

---

[15]  Defendant points out that the instant Motion to Withdraw Ard's Guilty Plea was not made until 4 months after defendant's re-arraignment, but that this delay should not be held against defendant due to the changing of counsel and the time required for new counsel to get up to speed on the case.

[16]  Transcript of re-arraignment, pages 7-8, lines 22-11.

7

also signed the written factual basis and stated on the record that he agreed with its content.[17]

Second, the government asserts that it would be prejudiced if defendant were allowed to withdraw his plea, especially since one of the counts of the indictment was dismissed pursuant to the plea agreement.  A trial would force the government to review evidence and speak to numerous witnesses, including Ard's co-defendant, who has already pled guilty and been sentenced, and the confidential informant involved in the case.

Third, the government states that defendant delayed nearly four months in filing his motion requesting withdrawal of his guilty plea.  Furthermore, if the reason for the withdrawal is that defendant was unable to adequately confer with prior counsel and that his consent to plea was overborne by the government's threat to charge his wife, then he should have told the Court these things at his re-arraignment.  In fact, during his guilty plea, defendant told the Court that he was satisfied with his attorney[18] and that no one forced him or threatened him into pleading guilty.[19]

Fourth, the government suggests that this Court would be substantially inconvenienced should defendant be allowed to

---

[17] Transcript of re-arraignment, pages 12-13, lines 9-5.

[18] Transcript of re-arraignment, page 4, lines 22-25.

[19] Transcript of re-arraignment, page 14, lines 22-25.

withdraw his guilty plea.

Fifth, according to the government, close assistance of counsel was available to defendant.  Defense counsel negotiated with the government to get the government to agree to dismiss Count 2 of the indictment.  Defense counsel set up an appointment between the government and defendant so that defendant could hear from the government agents exactly what evidence they intended to introduce at trial against him.  Defense counsel also filed a motion to suppress the evidence in this case.[20]  Furthermore, at the re-arraignment, defendant himself responded in the affirmative when the Court asked him if he had enough time to fully discuss his case and any possible defenses with his attorney.[21]

Sixth, the government states that defendant's plea was knowing and voluntary, relying on the transcript of the re-arraignment for support.  The Court thoroughly explained to defendant the rights he was waiving and the consequences faced by pleading guilty.  Defendant stated that he had not been induced into his plea by threats against him or because of any promises made to him.[22]  Furthermore, not only did the Court advise defendant of the possible penalty, defendant himself read and

---

[20] This motion was rendered moot when defendant decided to plead guilty and cooperate with the government.

[21] Transcript of re-arraignment, page 4, lines 19-22.

[22] Transcript of re-arraignment, page 14.

signed, along with his attorney, a plea agreement and factual basis.  Despite these warnings, defendant knowingly and voluntarily waived his rights and entered a guilty plea.

Finally, the government asserts that withdrawal would waste judicial resources.  As it stands now, the Court must only officially impose a sentence.  Conversely, if defendant is allowed to withdraw his plea, a trial date would need to be set, a jury selected, and presumably the motion to suppress would have to be heard.

### Applicable Law

Applying the Carr factors to the circumstances in this case, defendant's Motion to Withdraw Ard's Guilty Plea should be denied as defendant has failed to carry his burden of establishing a fair and just reason to justify withdrawal of his guilty plea.

### A.  Assertion of Innocence

When a defendant claims innocence of a crime, that claim alone does not justify withdrawal of the guilty plea.  See United States v. Grant, 117 F.3d 788, 789-90 (5th Cir. 1997).  "Otherwise, the mere assertion of legal innocence would always be a sufficient condition for withdrawal, and withdrawal would effectively be an automatic right.  Carr, 740 F.2d at 344.  Conferring on a defendant an automatic right to withdraw a guilty plea which has been accepted by the Court would serve to "degrade the otherwise serious act of pleading guilty . . ."  United

States v. Hyde, 520 U.S. 670, 677 (1997).

It is noteworthy that not once did defendant state either in his letters to the Court or in his written motion that he wishes to withdraw his guilty plea because he is in fact innocent. The only argument defendant makes is that he retains the presumption of innocence because the plea was not knowing and voluntary. This assertion is not a sufficient showing of a "fair and just reason" for withdrawal of defendant's guilty plea.

**B.   Timeliness of Motion to Withdraw**

Defendant pled guilty on May 16, 2007. On June 4, 2007, this Court was first made aware of defendant's desire to withdraw his guilty plea. On September 13, 2007, the instant Motion to Withdraw Ard's Guilty Plea was filed.

"[T]he longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion." Carr, 740 F.2d at 344. Conversely, "a prompt withdrawal may indicate that a plea was unknowingly entered in haste." Id. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." Id. at 345.

Defendant was not prompt. Even if this Court construes defendant's letter to the Court dated June 4, 2007 as its first

11

notification of defendant's desire to withdraw his plea (rather than the written Motion filed September 13, 2007), defendant still waited 19 days to inform the Court of his desire.  See <u>id.</u> at 345 (holding that a 22 day delay was not prompt).

## C.  Knowing and Voluntary Plea

The legal standard governing a defendant's competency to enter a guilty plea is identical to that which governs a defendant's competency to stand trial.  See <u>Godinez v. Moran</u>, 509 U.S. 389, 399 (1993); <u>DeVille v. Whitley</u>, 21 F.3d 654, 656 (5th Cir. 1994).  A defendant is competent to enter a guilty plea when "the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him."  <u>Godinez</u>, 509 U.S. at 396; <u>DeVille</u>, 21 F.2d at 656.

After a court has determined that a defendant is competent to enter a guilty plea, the court must that satisfy itself that the defendant's decision to plead guilty is knowing and voluntary.  <u>Godinez</u>, 509 U.S. at 400-01; <u>DeVille</u>, 21 F.2d at 657. For a guilty plea to be knowing and intelligent, "the defendant must have 'a full understanding of what the plea connotes and of its consequence.'"  <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir. 2000) (quoting <u>Boykin v. Alabama</u>, 395 U.S. 238, 244 (1969)).  The defendant must have notice of the nature of the charges against him, understand the consequences of his plea, and

understand the nature of the constitutional protections he is waiving.  Matthew v. Johnson, 201 F.3d 353, 365 (5th Cir. 2000). For a guilty plea to be "voluntary," it must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel."  Id. (quoting Brady v. United States, 397 U.S. 742, 750 (1970)). Furthermore, "[i]t is well established that "[s]olemn declarations in open court carry a strong presumption of verity." Lampazianie, 251 F.3d at 524.

During his re-arraignment hearing, defendant stated that he attended four years of college.[23]  He stated that he had not had any narcotic drugs, medicines, pills, or alcoholic beverages to drink in the 24 hours preceding the re-arraignment and that he was not under the care of a doctor.[24]  Defense counsel had no doubt that the defendant was competent to enter a plea of guilty.[25]

Concluding that defendant was competent, this Court went on to explain the elements of the crimes with which defendant was charged.  During defendant's plea colloquy, the Court advised the

---

[23] Transcript of re-arraignment, page 4, lines 1-2.

[24] Transcript of re-arraignment, page 4, lines 6-11.

[25] Transcript of re-arraignment, page 4, lines 12-18.

13

defendant that if he did not understand any question, he should ask the Court to explain it.[26]  This Court then repeatedly questioned defendant with respect to whether he understood the crimes charged, the consequences of his plea, and whether he was pleading guilty because he was, in fact, guilty.  Defendant affirmatively answered, under oath, that (1) he understood the crimes charged in the indictment; (2) he did in fact do or commit the acts charged in the indictment; (3) he was pleading guilty because he was, in fact, guilty; and (4) he understood the penalty to which he was subject as a result of pleading guilty to the crime charged in the indictment, including the term of supervised release.[27]

     This Court went on to advise the defendant of his constitutional right to trial by jury and other constitutional rights attendant to such a trial.  Defendant waived these rights.[28]  Finally, defendant answered in the negative in response to this Court's inquiry as to whether he had been influenced, induced, or persuaded in any manner to plead guilty because of any promises or threats made by anyone.[29]

---

[26] Transcript of re-arraignment, page 3, lines 7-12.

[27] Transcript of re-arraignment, pages 7-9, lines 18-15.  In fact, defendant asked a question to the Court about the length of the supervised release period, and whether the periods for the two counts ran concurrently or consecutively.

[28] Transcript of re-arraignment, pages 5-7 , lines 5-17.

[29] Transcript of re-arraignment, pages 14-15, lines 17-5.

Consequently, there is no evidence before this Court that defendant was not competent to enter a plea of guilty.  Nor is there any evidence that defendant's plea was not knowingly made. Therefore, this Court turns to defendant's claims that his lawyer's conduct prior to his plea was ineffective rendering his plea involuntary.

**D.  Availability of Close Assistance of Counsel**

The defendant's declarations under oath and in open court that his guilty plea was freely and voluntarily made and that it was not the product of threats or coercion carry a strong presumption of verity.  United States v. Adam, 296 F.3d 327, 333 (5th Cir. 2002); Lampazianie, 251 F.3d at 524.  The Fifth Circuit has noted that in order for a defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel."  Matthew, 201 F.3d at 365.

In his letter to the Court dated June 4, 2007, defendant claims that defense counsel failed to communicate with him, failed to provide him with discovery, and ultimately told defendant that he should accept the plea otherwise his wife would be arrested and he would lose at trial and receive 30 to 40 years in prison.[30]  As a result, defendant claims his consent to plea was overborne by these representations of counsel.

Defendant's perspective paints the picture of an attorney

---

[30] *See* Rec. Doc. 57.

15

who was horribly ineffective, failed to keep appointments, and
ultimately scared defendant into accepting the plea.  However,
defense counsel advocated on defendant's behalf evidenced by the
fact that Count 2 of the indictment was dismissed in defendant's
favor and defense counsel filed a motion to suppress.
Furthermore, much of what defendant asserts is belied by his own
in-court, on the record statements, including that he had not
been induced into his plea by threats against him or because of
any promises made to him, and that he was satisfied with the
services of his attorney.  Therefore, there is insufficient
evidence to support the assertion that defendant's will was
overborne by an alleged lack of effective assistance of counsel.

**E. Remaining Factors**

     The remaining factors for this Court to consider are: (1)
whether withdrawal would cause the government to be prejudiced;
(2) whether withdrawal would substantially inconvenience the
court; and (3) whether withdrawal would waste judicial resources.

     This case was a multi-defendant case; however, the co-
defendant has already been sentenced and is currently in the
custody of the United States Bureau of Prisons.  Therefore, the
government and this Court would suffer some prejudice and
inconvenience in having to resurrect a case which at the present
time is nearly closed.

     Even so, "there is no occasion to [even] inquire into the
matter of prejudice unless the defendant first shows a good

reason for being allowed to withdraw his plea . . . ."  <u>United States v. Benavides</u>, 793 F.2d 612, 617 (5th Cir. 1986).

Considering the totality of the circumstances, defendant's Motion to Withdraw Ard's Guilty Plea should be denied.  While there may be a question as to whether defendant truly received effective assistance of counsel in certain respects, there is no evidence that defendant was prejudiced by any alleged inadequacy of counsel.  This single factor alone does not amount to a finding of a "fair and just reason" for requesting the withdrawal.  See <u>Lampazianie</u>, 251 F.3d at 524 (noting that "[n]either is any single factor dispositive").  Defendant has not asserted that he is innocent, his plea was knowingly made, and his request for withdrawal was not prompt.  Furthermore, defendant's original counsel did advocate on defendant's behalf as Count 2 of the indictment was dismissed and counsel filed a motion to suppress the evidence in this case.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Withdraw Ard's Guilty Plea (Rec. Doc. 69)** is hereby **DENIED.**

New Orleans, Louisiana this 17th day of October, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE