UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CIVIL ACTION

VERSUS                                  NO: 07-8

VIRGIL ARD, JR.                         SECTION: J

**ORDER AND REASONS**

Before the Court is Petitioner Virgil Ard, Jr.'s **Motion to Vacate Conviction and Sentence Pursuant to Title 28 U.S.C. § 2255 (Rec. Doc. 116).**

On December 18, 2006, a criminal complaint was filed in federal court charging Petitioner with violations of the Federal Controlled Substances Act and Federal Gun Control Act.[1] On January 11, 2007, Petitioner was indicted by a federal grand jury.[2] Count 1 of the indictment charged Petitioner with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846.[3] Count 2 charged Petitioner with possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841, and Count 3 charged him with possessing and brandishing a firearm in furtherance of a drug-

---

[1] *See* Rec. Doc. 1.

[2] *See* Rec. Doc. 7.

[3] *Id.*

trafficking crime, in violation of 18 U.S.C. § 924.[4] On February 8, 2007, Petitioner wrote a letter to the Court indicating that communication with his attorney had been "poor" and that he had not yet received a copy of his discovery.[5] Then on March 9, 2007, Petitioner's counsel filed a Motion to Suppress Evidence alleging that the evidence the prosecution intended to use against him was improperly seized.[6] The government filed a response on March 20, 2007.[7]

On May 16, 2007, prior to the hearing on the Motion to Suppress, Petitioner pled guilty to Counts 1 and 3 of the indictment.[8]

On June 4, 2007, Petitioner wrote another letter to the Court in which he stated he wished to withdraw his guilty plea and reserve his right to a jury trial.[9] He stated that between April 30, 2007, when he met with the Assistant United States Attorney and his own attorney, and May 16, 2007, when he pled

---

[4] *See* Rec. Doc. 7.

[5] *See* Rec. Doc. 26.

[6] *See* Rec. Doc. 24.

[7] *See* Rec. Doc. 27.

[8] *See* Rec. Doc. 51. The government points out that defendant Ard was set to plead guilty on May 2, 2007, the same day his co-defendant pled guilty, but it was determined that the written plea agreement contained a mistake concerning the mandatory minimum sentence that defendant faced (the mandatory minimum as to Count 3, possessing and brandishing a firearm, was actually seven years, but the plea agreement mistakenly stated only five years).

[9] *See* Rec. Doc. 57.

guilty at the re-arraignment, he had no contact with his attorney.[10] Furthermore, he stated that on the day of the re-arraignment, he only spoke with his attorney for "a few minutes."[11] He explained that he answered the Court's questions at the re-arraignment in the way that he did "to keep the Court and others from knowing about the misconduct" and that he "didn't want to bring on attention."[12]

Petitioner also stated in his letter that he wished to be appointed new counsel as he was not satisfied with his current counsel.[13] Shortly thereafter, on June 13, 2007, the matter was referred to the criminal duty magistrate to determine whether Petitioner should be allowed to terminate his retained counsel and whether Petitioner qualified for a CJA-appointed attorney.[14]

Petitioner was ultimately allowed to terminate his retained counsel, at which point Petitioner was appointed an attorney.[15] On September 13, 2007, Petitioner filed a Motion to Withdraw his Guilty Plea.[16] This motion was denied on October 17, 2007.

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *See* Rec. Doc. 56.

[15] *See* Rec. Docs. 60, 61, and 62.

[16] *See* Rec. Doc. 69.

3

Petitioner was sentenced on November 14, 2007, at which time he was sentenced to 120 months as to Count 1, and 84 months as to Count 3. Pursuant to the plea agreement, the government dismissed Count 2 of the indictment.

On October 28, 2009, Petitioner filed the current § 2255 motion, asking this Court to vacate his conviction and sentence. The government was given 30 days to respond to Petitioner's motion and Petitioner was then granted leave to file a reply to the government's opposition. After reviewing the motion, the applicable law, the record, and the memoranda or parties, this Court finds as follows:

## THE PARTIES' ARGUMENTS

In his § 2255 motion, Petitioner argues that his sentence should be vacated because his attorney rendered ineffective assistance of counsel during the pretrial stage of the proceedings.

In response, the government argues that Petitioner entered into a knowing and voluntary guilty plea pursuant to a written plea agreement. According to the government, the plea agreement states that Petitioner waived any right to contest his conviction on appeal or on post conviction motions unless he proves that he had ineffective assistance of counsel, which the government does not believe Petitioner can prove.

**DISCUSSION**

Petitioner's plea agreement limits the type of post-conviction challenges he can bring in this matter. The agreement states, in part, that

> [t]he defendant . . . waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under . . . Title 28, United States Code, Section 2255, on any ground except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[17]

Accordingly, unless Petitioner is able to establish an ineffective assistance of counsel claim, he cannot bring the current habeas proceeding.

"In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof." United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999) (*citing* Clark v. Collins, 19 F.3d 959, 964 (5th Cir. 1994)). Specifically, the petitioner must prove two separate components. First, Petitioner must show that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). Secondly, the petitioner must show that the deficient performance prejudiced the defense. Id. However, because both components are necessary to a claim of ineffective assistance of counsel, there is no need for a Court to address both components if a finding is made that

---

[17]*See* Rec. Doc. 53.

the petitioner has made an insufficient showing on one. <u>Id.</u> at 697. Further, a court need not determine whether counsel's performance was deficient before examining whether the defendant suffered prejudice. <u>Id.</u> In fact, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." <u>Id.</u>

Having reviewed Petitioner's claims, this Court finds that it is unnecessary to address the first component of the ineffective assistance of counsel test because as discussed below, Petitioner has failed to prove that he suffered prejudice due to the conduct of his counsel.

To establish prejudice in a guilty plea case, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 29 (1984). Prejudice must be affirmatively proved. A mere allegation of prejudice is not sufficient.

Here petitioner states five specific errors he believes his counsel committed during the pretrial proceedings in this matter: 1) counsel failed to request certain discovery material; 2) counsel failed to present evidence of taped statements that tended to show that the guilty plea was the result of threats; 3) counsel failed to inform petitioner that the three points for accepting responsibility had no bearing on the facts of his case in light of the fact that petitioner faced a mandatory minimum

6

sentence; 4) counsel failed to object to the guilty plea on the basis that the record is devoid of evidence that petitioner had actually brandished a firearm in furtherance of a drug trafficking crime; 5) counsel failed to verify the presence of fifty grams or more of cocaine base. According to petitioner, he suffered prejudice because had it not been for these numerous errors, he would have proceeded to trial.

Petitioner further asserts that he had nothing to lose by going to trial because he believes that at trial, the worse case scenario would have been that he would have received the same mandatory minimum sentence he received pursuant to the guilty plea. This Court finds petitioner's arguments unpersuasive. In regards to Petitioner's general assertion that he had nothing to lose by going to trial, Petitioner has failed to consider the government's dismissal of Court 2 of the indictment pursuant to the plea agreement. Further, Petitioner received the mandatory minimum sentence for each charge. Had defendant not pled guilty, it is possible that he could have received a higher sentence on both Counts 1 and 3 of the indictment and could have received additional time if convicted on Count 2 of the indictment.

In regards to Petitioner's specific allegations of counsel's errors, he first asserts that his counsel did not file a discovery request within the time period set out by the magistrate judge. However, Petitioner's counsel received the information he would have obtained through discovery. He

received complete copies of the investigative reports and a copy of the taped statement. Counsel also filed a motion to suppress this evidence from the proceedings.[18]

Petitioner also claims that counsel failed to present evidence of taped statements that tended to show that the guilty plea was a result of threats. This Court has already addressed the issue of whether petitioner's guilty plea was knowing and voluntary. After petitioner's re-arraignment, and before his sentencing, he filed a motion to withdraw his guilty plea.[19] This Court issued an order denying the motion.[20] In the order, the Court discussed, *inter alia*, Petitioner's allegations that he was threatened. Therefore, a detailed discussion of this issue is not warranted. However, to briefly summarize, the order referred to the re-arraignment transcript in which this Court specifically asked Petitioner if anyone threatened or forced him in any way to enter into a guilty plea. Petitioner responded "No, sir" to this question,[21] thereby indicating to the Court that he was not under any pressure to plead guilty.

Next, Petitioner claims that counsel failed to inform him that the three points for accepting responsibility had no bearing

---

[18] *See* Rec. Doc. 24.

[19] *See* Rec. Doc. 69.

[20] *See* Rec. Doc. 75.

[21] *See* Rec. Doc. 74 at pg. 14.

8

on the facts of his case in light of the fact that petitioner faced a mandatory minimum sentence. However, at the re-arraignment, this Court, in great detail, explained to petitioner the consequences associated with mandatory minimum sentences.[22] Petitioner stated he understood that the minimum sentence he could receive was 17 years.[23]

Petitioner's next claim is that his counsel failed to object to the guilty plea on the basis that the record is devoid of evidence that petitioner actually brandished a firearm in furtherance of a drug trafficking crime. Title 18 United States Code Section 924(c) provides varying punishments for individuals who use a firearm in furtherance of a drug trafficking crime. If the firearm is brandished, the statute provides for a 7 year statutory mandatory minimum. 18 U.S.C. § 924(c). During Petitioner's re-arraignment, this Court explained to defendant that he was being charged with possessing and brandishing a firearm in furtherance of a drug-trafficking crime.[24] The Court asked petitioner if he understood the charges and whether Petitioner did, in fact, commit the aforementioned act.[25]

---

[22] *See* Rec. Doc. 74 at pg. 9.

[23] *Id.*

[24] *Id.* at pg. 8.

[25] *Id.*

Petitioner responded "Yes, sir."[26]  Plaintiff's admission that he brandished the firearm discounts his claim that his counsel should have objected to the guilty plea or demanded more evidence regarding whether the firearm was actually brandished.

Finally, Petitioner claims that his counsel failed to verify the allegation that he possessed more than fifty grams of cocaine base.  However, Petitioner signed a factual basis which detailed the discovery of well over 50 grams of cocaine base in Petitioner's home during the execution of a search warrant.[27]  Further, in the factual basis, Petitioner agreed that for sentencing purposes, he would be held responsible for at least 50 grams, but not more than 149 grams, of cocaine base.[28]  These admissions and stipulations discount Petitioner's claim that his counsel should have verified the actual amount of the cocaine base in Petitioner's possession.

It is clear from the pretrial proceedings that Petitioner was well aware of the consequences of his guilty plea and that he accepted full responsibility for the allegations made against him.  Petitioner has therefore not met his burden of establishing prejudice; i.e., he has not shown that there is a reasonable probability that, but for counsel's errors, he would not have

---

[26] *Id.*

[27] *See* Rec. Doc. 54 at pg. 3.

[28] *See* Rec. Doc. 54 at pg. 4.

pled guilty and would have insisted on going to trial.  For these reasons, this Court does not find that Petitioner established his ineffective assistance of counsel claim.

Accordingly, **IT IS ORDERED** that Petitioner's § 2255 motion is hereby **DENIED**.

New Orleans, Louisiana, this  7th  day of   May  , 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE